**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TANIESHA NICOLE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:24-142 |
| | ) | |
| v. | ) | Judge Bissoon |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Defendant's Motion for Summary Judgment (Doc. 7) will be granted, and Plaintiff's Motion for Summary Judgment (Doc. 5) will be denied.

Plaintiff Taniesha Nicole Brown ("Claimant") has filed this social security appeal, challenging the ALJ's decision dated September 14, 2023. *See generally* Compl. (Doc. 1); ALJ's Decision, R. at 17-34 (Doc. 3-2). Claimant seeks supplemental security income ("SSI") and disability insurance benefits ("DIB"), alleging a disability onset date of April 16, 2020. *See* ALJ's Decision, R. at 17.

The ALJ found that Claimant suffered the severe impairments of cervical and lumbar degenerative disc disease; obesity; major depressive disorder; generalized anxiety disorder; hoarding disorder; and post-traumatic stress disorder (PTSD), but that these conditions did not preclude Claimant from performing a limited range of sedentary work. *See* ALJ's Decision, R.

at 21-32.[1]   The vocational expert testified that an individual with Claimant's limitations could perform jobs existing in significant numbers in the national economy, and the ALJ found Claimant not disabled at step five of the sequential analysis.  *See id.*

Having carefully reviewed the entire record, the undersigned concludes that the ALJ's decision was neither erroneous nor unsupported by substantial evidence.  Accordingly, the Court will limit its discussion to the points of error alleged by Claimant.

Claimant first argues that the ALJ erred in her evaluation of the vocational expert testimony.  Specifically, she contends that the ALJ's finding that Claimant could perform the sedentary jobs identified by the VE of final assembler, document preparer, addresser or electrical assembler (R. at  66-67) is inconsistent with the limitations set forth in a March 2021 Functional Capacity Evaluation ("FCE", R. at 1262-67, Ex. 23F (Doc. 3-7)) that the ALJ found persuasive.  *See* Pl. Br. (Doc. 6) at 7-10.  Plaintiff states that when her counsel posited her own hypothetical question to the VE incorporating all of the FCE's limitations, the VE testified that those limitations would preclude the identified jobs.  *See* id. (citing VE testimony at R. 71-72).  Plaintiff asserts that the ALJ "cannot credit the full findings of the FCE, which specifically includes the above limitations, and then fail to credit the VE's testimony that those restrictions would preclude all of the jobs she posited at the sedentary level."  Id. at 9.

As Defendant aptly summarizes, Claimant's argument is "premised on her misplaced insistence that the ALJ either explicitly adopted or, alternatively, was somehow required to accept all of the limitations set forth in Exhibit 23F."  Def. Br. (Doc. 8) at 16.  The argument is without merit.

---

[1] The ALJ found that Claimant's impairments limited her to perform the full range of sedentary work, except that she could occasionally climb, stoop, kneel, crouch and crawl, balance; frequently handle, finger and feel with bilateral upper extremities; frequently reach with the bilateral upper extremities; tolerate frequent exposure to extreme cold, extreme heat, wetness, humidity, vibration, fumes, odors, dusts, gases and poor ventilation; deal with occasional workplace changes; have occasional interaction with coworkers and supervisors; have no interaction with the general public; and perform no assembly line work.  ALJ's Decision, R. at 23.

To start, nowhere in the ALJ's opinion does she accept all of the limitations contained in the March 2021 FCE. Rather, the ALJ found persuasive the FCE's opinion that Claimant "could perform sedentary work, exerting up to 10 pounds of force occasionally and/or a negligible amount of force frequently to lift, carry, push, pull or otherwise move objects." R. at 32. Following this statement, the ALJ immediately clarified that she "also finds the overall record supports a reduced range of sedentary work, but no greater limitations than those set forth in the [RFC]." Id.; *see also* id. at 28 ("Overall, the record shows the claimant is not as limited as alleged. The functional capacity evaluation at Exhibit 23F put the claimant at the sedentary exertional level, which the undersigned finds is supported by the record based on the combination of the claimant's impairments."); id. at 32 (rejecting certain less restrictive medical opinion evidence as "not persuasive as to light or medium work based on additional evidence received at the hearing level and the functional capacity examination at Exhibit 23F, which support a reduced range of sedentary work. *However, greater limitations than those set forth in the [RFC] are not supported*." (emphasis added)). Indeed, when considering some of the limitations contained in the hypothetical posed by Claimant's counsel, such as kneeling, the ALJ found persuasive other medical opinion evidence supporting lesser restrictions than both that hypothetical and the FCE. *See* R. at 31 (finding persuasive the portion of Dr. Melita Konecke's March 2021 consultative examination opining that Claimant could occasionally climb stairs and ramps and *kneel*); *see also* R. at 639-54 (Ex. 7F, Konecke CE).

The ALJ also was not required to accept all of the limitations contained in the FCE. As Defendant correctly notes, "[e]ven if an ALJ finds an opinion to be persuasive or very persuasive, the ALJ is 'not required to adopt all of [the medical source's] opinion solely because she found the opinion as a whole persuasive.'" Benson v. Kijakazi, No. 21-cv-1345, 2022 WL 17406051, at *1, n.1 (W.D. Pa. Dec. 2, 2022). Likewise, ALJs are not required to choose to include persuasive opinions/findings in a claimant's RFC "verbatim" or "explicitly reject any part of a persuasive . . . opinion that does not make it into the RFC." Id.; *see also* Mathews v. Kijakazi, No. CV 21-1140,

2022 WL 4535087, at *1 (W.D. Pa. Sept. 28, 2022) (same).  Because Claimant's question to the VE exceeded the scope of the RFC, the ALJ was not required to credit the VE's answer to the same.  *See* Pearson v. Comm'r of Soc. Sec., 839 F. App'x 684, 690 (3d Cir. 2020) (a hypothetical question binds the ALJ neither to the premise of the question, nor to the expert's answer).

In sum, the ALJ clearly based – and supported – her RFC finding on substantial record evidence, including "the objective medical evidence, the claimant's beneficial response to treatment, the claimant's subjective complaints to the extent they can reasonably be accepted as consistent with the evidence, the persuasive prior administrative findings, and the claimant's daily activities."  R. at 32.  She also expressly found that the record supported "no greater limitations" than those set forth in the RFC.  Id.  The relevant hypothetical questions the ALJ posed to the VE accurately reflected the well-supported RFC finding.  Accordingly, the Court finds no error on this point.

Claimant next argues that the ALJ erred in her evaluation of Claimant's daily activities and pain.  *See* Pl. Br. (Doc. 6) at 11-13.  Specifically, Claimant takes issue with the ALJ's repeated reference to record evidence that Claimant stated she started going to the gym three times a week and elsewhere stated that she was planning to visit her father out of state and possibly attend a pool party there.  *See* id.; *see also* R. at 28-30 (citing Ex. 21F).  As to pain, Claimant argues that the record supports a finding of severe and constant pain that would preclude even reduced sedentary work.  *See* Pl. Br. at 12-13.

Again, Plaintiff's arguments are unpersuasive.  As an initial matter, to the extent Plaintiff cites record evidence to support her claim for even greater restrictions, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's findings.  *See* Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989).  As courts have explained:

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding. . . .

> Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance. Jesurum v. Sec'y of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).

Hundley v. Colvin, Civil Action No. 16-153, 2016 WL 6647913, at *2 (W.D. Pa. Nov. 10, 2016). Thus, any argument in this regard is misplaced. Moreover, the ALJ did not rely on these two activities of daily living as the measure of Plaintiff's ability to maintain competitive employment. Rather, consistent with applicable regulations, the ALJ considered the totality of Plaintiff's activities as a factor in evaluating her credibility and the intensity and persistence of her symptoms, including pain. See 20 C.F.R. §§ 404.1529(c)(3)(i); 416.929(c)(3)(i); *see also* McBee v. Colvin, No. CV 15-263-J*,* 2017 WL 1101884, at *1 (W.D. Pa. Mar. 23, 2017) (noting that, while sporadic or transitory activities do not disprove disability, an ALJ does not err by considering evidence of daily activities as one factor in a credibility analysis). As set forth above, substantial evidence, including, inter alia, medical records, test results, medical opinion evidence and hearing testimony, more than adequately supports the ALJ's evaluation of Plaintiff's pain and her RFC finding.

All of Claimant's remaining arguments are rejected, explicitly or by implication, through the analyses above. Accordingly, Defendant's Motion for Summary Judgment will be granted.

For the reasons stated above, the Court enters the following:

## II. ORDER

Plaintiff's Motion for Summary Judgment (**Doc. 5**) is **DENIED**, and Defendant's Motion for Summary Judgment (**Doc. 7**) is **GRANTED**.

IT IS SO ORDERED.


June 20, 2025                                    s/Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All counsel of record